**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────────

**MATTHEW FRAZER,**

                **Petitioner,**           **19cv865 (JGK)**

     **- against -**

                                     **MEMORANDUM OPINION AND**
**J. PETRUCCI, acting Warden, FCI**         **ORDER**
**Otisville,**

                **Respondent.**

─────────────────────────────

**JOHN G. KOELTL, District Judge:**

The pro se petitioner, Matthew Frazer, brings this petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in
order to correct alleged problems with his sentence. The
petitioner alleges that the Bureau of Prisons ("BOP")
incorrectly calculated his sentence arising from a conviction on
one count of distribution of child pornography and one count of
possession of child pornography. The petitioner further alleges
that the BOP incorrectly calculated his good conduct time
credits ("GCT credits") in light of the newly enacted First Step
Act of 2018, which introduced a modified method for the
calculation of GCT for federal prisoners. See First Step Act of
2018, Pub. L. No. 115-391, § 102(b), 132 Stat. 5193, 5222 (2018)
("the First Step Act" or "the Act"). For the reasons stated
below, the petitioner's first claim is **denied** and the second
claim is **denied without prejudice as moot.**

The following facts are taken from the petition and the sworn declarations of the parties.

On January 31, 2014, the petitioner was arrested by the Federal Bureau of Investigation for distribution and possession of child pornography. Martin Decl. ¶5. On October 24, 2014, the petitioner was sentenced in the Central District of California after pleading guilty to one count of distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). Id. Ex. 2. Eventually, in its fourth amended judgment, issued on December 17, 2017, the court sentenced the petitioner to 240 months on Count One and 120 months on Count Two with 36 months on Count Two to run consecutively with the sentence on Count One, for a total sentence of 276 months. Id. Ex. 6. With respect to the 120-month sentence on Count Two, the remaining 84 months were to be served concurrently with the sentence on Count One. Id.

The BOP originally calculated that the petitioner's 276-month term of imprisonment, as announced in the fourth amended judgment, would run beginning on October 24, 2014, when the court first sentenced the petitioner. Id. Ex. 7. The petitioner was also provided with jail credit from January 31, 2014, the date of his arrest, to October 23, 2014. Id. The BOP originally

projected that Frazer would earn a total of 1058 days of GCT credits, and that he was therefore projected to be released on March 9, 2034. Id. As of January 30, 2019, the petitioner had earned 243 days of GCT credits, which represented 54 days per year, from January 31, 2014 to January 30, 2019, with 27 days of GCT credits disallowed in the year running from January 31, 2015 to January 30, 2016 for disciplinary reasons. Id. Ex. 8. The BOP originally calculated the remaining 815 days of GCT credits by projecting that the petitioner would accrue 54 days of GCT credits per each year of time served. Id. Exs. 7, 8.

In his petition, the petitioner alleges that the BOP incorrectly calculated the sentence on Count Two to "pause" in January, 2021 and to "resume" in 2031, while the sentence on Count One would run uninterrupted. Pet. ¶ 9a. In the alternative, the petitioner alleges that BOP is delaying the start of the sentence on Count Two until 2025, at which point both sentences would run concurrently until 2031. Id. at ¶ 9b.

The petitioner also alleges that BOP impermissibly has applied GCT credits against the 276-month sentence, which the petitioner argues is an "artificial" term that does not represent either the sentences running concurrently or consecutively. Id. at ¶ 9c. The petitioner further alleges that he is receiving 47 days GCT for each year of his sentence,

rather than the 54 days for each year as required under the First Step Act. Id.

By letter dated October 29, 2019, the respondent advised the Court of the BOP's updated calculations in light of the First Step Act taking effect with respect to the petitioner's GCT credits. Dkt. 20. The BOP's recalculations in light of the First Step Act show that the petitioner is projected to accrue a total of 1215 days of GCT credits, rather than the projected 1058 days that the BOP originally calculated. Dkt. 20, Ex. 2. The BOP's recalculations mean that the petitioner is projected to be released on October 3, 2033. Id.

**II.**

The petitioner's first argument has no merit. The fourth amended judgment, issued in the Central District of California on December 11, 2017, sentenced the petitioner to a term of 276 months. The Sentence Monitoring Computation Data provided by the BOP as a representation of its calculations shows that the petitioner is to be confined consistent with the sentence, for 276 months. Martin Decl. Ex. 7. Contrary to the petitioner's allegations, no "pause" in the sentence will occur at any time. After the projected GCT credits were factored into the sentence (and prior to the recalculation of GCT credits under the First Step Act), the BOP calculated that the petitioner would be released on March 9, 2034, which represents a 276-month term

beginning on October 24, 2014 less the GCT credits and the jail time credit for the time that the petitioner spent in custody from January 31, 2014 to October 23, 2014. Id. Therefore, the BOP calculations are consistent with the sentence imposed by the district court. The petition is **denied** with respect to the argument that BOP has engaged in impermissible pausing and resuming of the sentence.

The petitioner's second argument that the BOP may not calculate GCT credits against the 276-month sentence, because it is an "artificial" sentence, has no merit and is, in any event, moot. To the extent that the petitioner attacks the imposition of the sentence itself, the 276-month sentence, which the district court imposed by running the sentence on Count Two partially concurrently and partially consecutively, is not "artificial." Imposing a sentence that runs partially concurrently and partially consecutively is proper and within the discretion of the sentencing judge. See United States v. Gallegos, 613 F.3d 1211, 1216 (9th Cir. 2010) ("Congress intended the phrase 'may run concurrently or consecutively,' as used in [18 U.S.C. § 3584(a)] to encompass a partially concurrent or partially consecutive sentence in appropriate cases.").

To the extent that the petitioner attacks the BOP's calculations of GCT as inconsistent with the First Step Act, the

argument is moot in light of the BOP's recalculations with respect to the petitioner's GCT credits. As an initial matter, habeas relief under 28 U.S.C. §2241 is the correct vehicle for a request that the BOP has calculated GCT credits incorrectly. See United States v. Lowe, No. 15-CR-11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 16, 2019).

Because he was convicted under Section 2252A of Title 18 of the United States Code, the petitioner is ineligible for time credits based on evidence-based recidivism reduction programming under the First Step Act. See 18 U.S.C. § 3632(d)(4)(D)(xlii). With respect to GCT credits, the First Step Act amended 18 U.S.C. § 3624(b), ushering in a new method of calculation. Prior to the First Step Act, a prisoner could earn up to 54 days of GCT credits for each year of imprisonment served and good time for the last year or portion would be prorated. In Barber v. Thomas, 560 U.S. 474, 479, 492-92 (2010), the Supreme Court approved of the BOP's method of calculating GCT credits in which a prisoner serving, for example, a ten-year term could receive a maximum of 470 days of GCT credits total. These numbers reflected the fact that the BOP prorated the amount of GCT credits earned in the last year of imprisonment such that the "ratio of good time earned in the portion of the final year to the amount of time served in that year [equals] the ratio of a full year's good time credit to the amount of time served in a

full year." Id. at 493. The First Step Act changed this regime by requiring that the BOP award a maximum of 54 days of GCT for each year of the sentence imposed, rather than for each year of time served. See First Step Act of 2018 § 102(b), 18 U.S.C. § 3624(b). The statutory regime ushered in by the First Step Act means that a prisoner sentenced to a ten-year term presumptively earns up to 540 days of GCT credits, subject to disciplinary and other statutory deductions, rather than the pre-First Step Act maximum of 470 days of GCT credits.

In this case, the BOP has, by the respondent's letter dated October 29, 2019, recalculated the petitioner's GCT credits in light of the First Step Act. Under the First Step Act, the petitioner is projected to earn 1215 days of GCT credits and is projected to be released on October 3, 2033. This compares to the pre-First Step Act calculation of 1058 days of GCT credits and a projected release date of March 9, 2034. The BOP appears to have reached its new calculation correctly by multiplying 54 days per year by the 23 years of the petitioner's sentence and then subtracting the 27 days of disciplinary deduction that the petitioner has already accrued.[1]

---

[1] In the future, should the petitioner have reason to believe that the BOP is miscalculating his GCT credits, he can file another petition pursuant to 28 U.S.C. § 2241. The petitioner is advised to file such a petition, if at all, only on the basis of new evidence or new arguments not made in this current petition, or else risk having a future petition dismissed as an abuse of the writ of habeas corpus. See Agoro v. United States, No. 11-cv-1818, 2011 WL 1330771, at *2 (S.D.N.Y. Apr. 4, 2011) ("A successive petition is an abuse of the writ unless the petitioner is able to show cause for failing to raise the

Therefore, the second claim of the petition is **denied without prejudice as moot** in light of the application of the First Step Act.

**CONCLUSION**

The petition is **denied** with respect to the claim that BOP impermissibly intends to "pause" and "resume" the petitioner's sentence. The petition is **denied without prejudice as moot** with respect to the claim that the BOP miscalculated the petitioner's GCT credits under the First Step Act. The Clerk is directed to enter judgment dismissing the petition. The Clerk is also directed to close this case and to close all pending motions. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated:     New York, New York**
**           November 8, 2019            _____/s/_____**
**                                        John G. Koeltl**
**                                 United States District Judge**

---

earlier claim (or seeking to raise the same claim twice) and any resulting prejudice.").